# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL A. MAJERS, as an individual and as trustee of the Michael A. Majers and Irma T. Majers-Castillero Family Trust; IRMA T. MAJERS-CASTILLERO, as an individual and as trustee of the Michael A. Majers and Irma T. Majers-Castillero Family Trust, and DOES 1 to 10, inclusive.<br><br>        Defendants. | CV 20-2917-RSWL(RAOx)<br><br>**ORDER re: Plaintiff's Application for Default Judgment and Request to Affix Fees** [21] |

    Currently before the Court is Plaintiff Anthony Bouyer's ("Plaintiff") Application for Default Judgment [21] against Defendant Michael A. Majers, as an individual and as trustee of the Michael A. Majers and Irma T. Majers-Castillero Family Trust ("Defendant

Majers"); and Defendant Irma T. Majers-Castillero, as an individual and as trustee of the Michael A. Majers and Irma T. Majers-Castillero Family Trust ("Defendant Majers-Castillero") (collectively, "Defendants"). Having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Application.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California resident who is paraplegic and uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendants owned and own the real property located at 260 S. Meyer Street, San Fernando, CA 91340, (the "Property").[1] Id. ¶¶ 2-3. Plaintiff visited the Property on March 9, 2020 for the purposes of doing laundry and to check its compliance with disability access laws. Id. ¶ 8. Once there, Plaintiff observed that despite having parking spaces available, there were no designated parking spaces for persons with disabilities that complied with the 2012 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). Id. ¶ 10-11. Specifically, Plaintiff states that "Defendants have: a built up curb ramp that projects from the sidewalk and into the

---

[1] Plaintiff does not know whether Defendants also own the coin laundry business located on the Property. Compl. ¶ 4.

access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by [Americans with Disabilities Accessibility Guidelines] specifications (Section 406.1); and ground surfaces in the access aisle are broken and irregular (Section 502.4)." Id. ¶ 12. Plaintiff personally encountered the barriers related to the accessible parking. Id. ¶ 12; Decl. of Anthony Bouyer in Supp. of Appl. ("Bouyer Decl.") ¶¶ 5-6, ECF No. 21-4. Plaintiff claims that he intends to return to the Property but is currently deterred by these architectural barriers. Bouyer Decl. ¶¶ 8-9; Compl. ¶ 19.

B. **Procedural Background**

Plaintiff filed his Complaint [1] against Defendants on March 27, 2020, alleging violations of the ADA and Unruh Act. On March 31, 2020, the Court issued an Order to Show Cause requiring Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over his Unruh Act claim [9]. See Order to Show Cause re Supplemental Jurisdiction ("Jurisdiction OSC"), ECF No. 9. Ultimately, after considering Plaintiff's Response [10], the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. See Order re Pl.'s Resp. to Jurisdiction OSC, ECF No. 17.

On April 9, 2020, Plaintiff served Defendant Majers by substituted service [11] and Defendant Majers-Castillero by personal service [12]. To this date,

1  Defendants have not pleaded, answered, or otherwise
2  appeared in this Action.  The Clerk entered default
3  against Defendant Majers-Castillero on May 12, 2020
4  [16] and Defendant Majers on June 22, 2020 [20].
5      Plaintiff filed the present Application [21] on
6  July 1, 2020 and timely served Defendants [21-81].
7  Plaintiff seeks an order enjoining Defendants to
8  provide the following: (1) accessible parking; and (2)
9  accessible paths of travel.  Mem. P. &. A. in Supp. of
10 Appl. ("Mem.") 10:6-8, ECF 21-1.  Plaintiff also
11 requests an award of $4,644.00 in attorneys' fees, and
12 costs.  Appl. 2:23-24, ECF No. 21.

**II. DISCUSSION**

**A.   Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment. Pursuant to Local Rule 55-1, the party moving for default judgment must submit a declaration establishing: (1) when and against which party default was entered; (2) on which pleading default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) proper service.  Upon default, all factual allegations in the complaint, except those relating to damages, are assumed to be true.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

1     In exercising its discretion to grant default
2 judgment, the court must consider the following
3 factors: (1) possibility of prejudice to the plaintiff,
4 (2) merits of the substantive claim, (3) sufficiency of
5 the complaint, (4) sum of money at stake,
6 (5) possibility of disputes regarding material facts,
7 (6) whether excusable neglect caused the default, and
8 (7) the strong policy favoring decisions on the merits.
9 NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th
10 Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470,
11 1471-72 (9th Cir. 1986)).  Additionally, if the
12 defaulting party failed to plead or otherwise defend,
13 the court must determine that it has subject matter and
14 personal jurisdiction.  In re Tuli, 172 F.3d 707, 712
15 (9th Cir. 1999).  When default judgment is granted, the
16 relief awarded "must not differ in kind from, or exceed
17 in amount, what is demanded in the pleadings."  Fed. R.
18 Civ. P. 54(c).

19 **B.**   **Discussion**
20     1.   Jurisdiction and Service of Process
21     The Court has subject matter jurisdiction under 28
22 U.S.C. §§ 1331 and 1343 for violations of the ADA.
23 See, e.g., Civil Rights Educ. & Enf't Ctr. v. Hosp.
24 Props. Tr., 867 F.3d 1093, 1098 (9th Cir. 2017).
25     The Court also has personal jurisdiction over
26 Defendants because they had "certain minimum contacts"
27 with California such that "the suit does not offend
28 'traditional notions of fair play and substantial

justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quotation omitted). Specifically Defendants owned and own the real property in California giving rise to this Action. Compl. ¶¶ 2-3; Ex. 4, Public Records, ECF No. 21-6.

Additionally, Plaintiff properly served Defendants under Rule 4. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4.") (citation omitted). Service of process is governed by Rule 4, which permits service on an individual that complies with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, the summons and complaint may be served by personal service or substituted service. Cal. Civ. Proc. Code § 415.20(b). If an individual is served by substituted service, California thereafter requires that a copy of the summons and complaint be mailed to the individual. Id.

Here, Plaintiff served Defendant Majers with the summons and Complaint by substituted service on April 9, 2020. See Majers Proof of Service, ECF No. 11. Plaintiff thereafter mailed Defendant Majers a copy of these documents on April 10, 2020. Id. Also on April 9, 2020, Plaintiff served Defendant Majers-Castillero

with the summons and Complaint by personal service. See Majers-Castillero Proof of Service, ECF No. 12. As such, service of process on Defendants was proper and complete.

2. Local Rule 55-1

As mentioned above, Central District Local Rule 55-1 requires an application for default judgment:

> be accompanied by a declaration in compliant with F.R. Civ. P. 55(b)(1) and/or (2) and include the following:
> (a) When and against what party the default was entered;
> (b) The identification of the pleading to which default was entered;
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representatives;
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
> (e) That notice has been served on the defaulting party, if required by F.R. Civ. P. 55(b)(2).

C.D. Cal. L.R. 55-1.

Here, Plaintiff's counsel submitted a declaration in support of the instant Application. See Decl. of Joseph Manning in Supp. of Appl. ("Manning Decl."), ECF No. 21-3. While his declaration identifies when and against which party default was entered, it fails to address whether Defendants are infants, incompetent persons, or that the Servicemembers Civil Relief Act does not apply. Despite Plaintiff's Application stating "[a]s detailed in the Declaration of Plaintiff's counsel, Defendant is neither an infant nor incompetent person nor in military service or otherwise

7

exempted," Mem. 2:19-22, Plaintiff's counsel's declaration is void of any reference to these points. Because Plaintiff has failed to satisfy the procedural requirements of Local Rule 55-1, the Court need not address the underlying merits of Plaintiff's Application. Therefore, the Court **DENIES** Plaintiff's Application.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Application for Default Judgment.

**IT IS SO ORDERED.**

DATED: September 21, 2020        /s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge